IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| STEVE L. CHAMBERLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 6:11-cv-01702 |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| RICHARD D. EULISS, | ) |
| BRUCE T. RUSSELL, | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES OF AMERICA'S MOTION TO DISMISS**

The United States of America respectfully moves to dismiss plaintiff's frivolous complaint in accordance with Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  Also, the Court should dismiss the improperly named defendants, the Internal Revenue Service, Richard D. Euliss, and Bruce T. Russell; and substitute the United States as the proper defendant.

In his complaint, plaintiff seeks to obtain a monetary judgment of thirty millions dollars ($30,000,000), and injunctive and declaratory relief kindly described as nonsensical —a court order directing state militias or the military to impede the collection of federal taxes. [DE#1, p.13-14, 78-79] The Court should dismiss plaintiff's claims for lack of subject matter jurisdiction because: 1) the United States has not waived immunity from suit here; and 2) Congress has expressly banned the injunctive and declaratory relief sought by plaintiff to the extent the relief relates to tax collection.  The Court should also dismiss plaintiff's frivolous complaint for failure

to state a claim upon which relief can be granted because he relies upon frivolous tax defier arguments and criminal statutes providing no private right of action.

For these reasons, set forth in more detail in the accompanying memorandum of law, the Court should dismiss plaintiff's complaint, with prejudice.

Dated: January 3, 2012                  Respectfully submitted,

                                           John A. DiCicco
                                           Principal Deputy Assistant Attorney General

                                           By: /s/ Steven C. Woodliff
                                           Steven C. Woodliff
                                           Florida Bar Number 85593
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           Post Office Box 14198
                                           Ben Franklin Station
                                           Washington, D.C. 20044
                                           Telephone: (202) 514-5915
                                           Facsimile: (202) 514-4963
                                           Steven.c.woodliff@usdoj.gov

                                           Of Counsel:

                                           Robert E. O'Neill
                                           United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| STEVE L. CHAMBERLAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 6:11-cv-01702 |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| RICHARD D. EULISS, | ) | |
| BRUCE T. RUSSELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**UNITED STATES OF AMERICA'S MOTION TO DISMISS**

**Introduction**

Prior to this action, the United States of America filed a complaint against Steve Chamberlain to reduce to judgment unpaid federal income taxes, penalties, and interest assessed against him. United States v. Chamberlain, No. 6:09-cv-01347 (M.D. Fla. April 7, 2011). This litigation concluded with this Court entering default judgment against Chamberlain. Id. Rather than defend that action, Chamberlain filed the instant action complaining that the Internal Revenue Service and the Department of Justice attorneys who represented the United States, through its Internal Revenue Service, in the previous litigation committed tax fraud against him. [DE#1, pp.13-14, 19] Chamberlain alleges fraud based on the erroneous belief that he is immune from the internal revenue laws of the United States because he is neither a person as contemplated by these laws nor will he voluntarily comply with them. [DE#1, ¶¶ 15, 16] Chamberlain's complaint also generally alleges violations of federal statutes that are inapplicable to this action. [DE#1, pp. 31-43]

This Court should dismiss the improperly named parties to the action and substitute the United States of America as the only proper defendant. Also, this Court should dismiss the complaint for lack of subject matter jurisdiction because the United States has not waived immunity to suit here, and Congress has expressly banned the injunctive and declaratory relief sought by plaintiff. Finally, this Court should dismiss Chamberlain's complaint for failure to state a claim upon which relief may be granted because his claims of immunity from the internal revenue laws of the United States are frivolous, and he cites statutes that provide no private right of action.

**Argument**

I. **Internal Revenue Service, Richard Euliss, and Bruce Russell are not proper defendants and should be dismissed as parties**.

The plaintiff has named the Internal Revenue Service, Richard Euliss, and Bruce Russell as defendants in this action. An agency of the United States government cannot be sued in its own name without express congressional authority. See Blackmar v. Guerre, 342 U.S. 512, 514 (1952). This prohibition extends to the Internal Revenue Service. Purk v. United States, 747 F. Supp. 1243, 1247 (S.D. Ohio 1989) ("the IRS . . . is not an independently suable [sic] entity"). Likewise, the individual defendants are not proper defendants. Euliss and Russell are named because Euliss, a former Department of Justice attorney, and Russell, a current Department of Justice attorney, represented the United States of America in the prior litigation brought against Chamberlain to collect unpaid federal income taxes. Where, however, "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," the action is treated as one against the United States, not its employees. Dugan

v. Rank, 372 U.S. 609, 620 (1963); Christensen v. Ward, 916 F.2d 1462, 1483 (10th Cir. 1990); see also Stafford v. Briggs, 444 U.S. 527, 542 n.10 (1980).

Plaintiff's efforts to sue for damages stemming from an alleged fraud upon the court certainly expend itself on the public treasury.  Furthermore, plaintiff's efforts to obtain injunctive or declaratory relief in the form of impeding the collection of federal taxes interferes with the public administration.  Thus, the Internal Revenue Service, as well as Euliss and Russell are not proper defendants in this action, and plaintiff's claims against these improperly named defendants should be dismissed

## II.   The Court lacks subject matter jurisdiction over plaintiff's claims against the United States.

The United States of America, as sovereign, is immune from suit unless it has consented to be sued.  United States v. Sherwood, 312 U.S. 584, 586 (1941).  Further, the United States may define the terms and conditions upon which a litigant may proceed.  United States v. Testan, 424 U.S. 392, 399 (1976); see also Library of Congress v. Shaw, 478 U.S. 310, 318 (1986).  Waivers of sovereign immunity are to be strictly construed and no exceptions implied.  Testan, 424 U.S. at 399; United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 94 (1990).  In the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States and dismiss any such actions.  United States v. Mitchell, 445 U.S. 535, 538-39 (1980).

Subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be challenged facially or factually.  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his

complaint are taken as true for the purposes of the motion." Id. at 1529 (quoting Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion." Id.

Those safeguards cannot save plaintiff's complaint because the United States has not waived immunity from the claims he asserts, and the Anti-Injunction Act and Declaratory Judgment Act expressly ban the relief sought by plaintiff.

### A. The United States has not waived immunity from suit in this case.

In this case, Chamberlain has not pointed to an applicable waiver of sovereign immunity permitting him to recover damages against the United States. It is conceivable that Chamberlain may be endeavoring to bring an action under the Federal Tort Claims Act ("FTCA"). The FTCA waives sovereign immunity in making the United States liable for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment...." 28 U.S.C. § 1346(b). Under the FTCA's waiver, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. The FTCA's waiver of sovereign immunity is limited, however, and does not extend to "any claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c); Al-Sharif v. United States, 296 Fed. Appx. 740, 742 (11th Cir. 2008).

Here, Chamberlain may be attempting to claim that the United States committed some tort against him by alleging fraud upon the court with respect to a previous suit against him to collect unpaid federal income taxes [DE #1, pp.1, 14.] Chamberlain's claim, however, clearly arises from the assessment or collection of taxes; therefore, the tax exception of the FTCA

applies, and the United States has not waived sovereign immunity in this case. Thus, this Court lacks subject matter jurisdiction, and plaintiff's complaint must be dismissed.

### B.   Plaintiff's claims for injunctive and declaratory relief are expressly banned.

The Anti-Injunction Act expressly precludes the Court from exercising jurisdiction over any action, such as the present case, that seeks to enjoin the collection of taxes. 26 U.S.C. § 7421(a). Section 7421(a) of the Internal Revenue Code provides, in relevant part, that:

> (a) Tax.–Except as provided in Sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436 [of the Internal Revenue Code], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The Anti-Injunction Act's purpose is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sum be determined in a suit for refund." Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7 (1962). No statutory exceptions to the Anti-Injunction Act apply in these circumstances.[1] Nor does the limited judicial exception to the Anti-Injunction Act apply here. The Supreme Court has held that a district court may issue an injunction only where a plaintiff

---

[1] Internal Revenue Code sections 6212 and 6213 apply when a taxpayer seeks review by the Tax Court of a notice of deficiency, while, section 6015(e) concerns Tax Court review of innocent spouse determinations. Similarly, section 6330(e)(1) only applies to certain collection due process proceedings in Tax Court. Nor do the other statutory exceptions apply: section 6331(i) prohibits levy during the pendency of a suit for refund of a divisible tax (such as a trust fund recovery penalty assessed pursuant to section 6672(a)); section 6672(c) applies only when a responsible person has filed a bond within 30 days of the assessment to ensure collection; sections 6225 and 6246 apply in partnership tax assessments; section 6694 applies to certain return preparer penalty proceedings; section 7426 applies in certain third-party wrongful levy actions; section 7429 applies in proceedings to review jeopardy assessments; and section 7436 applies to proceedings to determine employment status.

demonstrates (1) the government cannot prevail under any circumstances and (2) that a lack of adequate legal remedy exists. Enochs, 370 U.S. at 7.

In the instant case, Chamberlain seeks an order from this Court either empowering the state militias to enforce claims of injury before Congress or directing the military to remove all current federal officials from office and appoint a new government. [DE#1, pp.78-79] Based on the thrust of Chamberlain's complaint, this relief appears to be requested for the purpose of impeding the federal government's efforts to collect from him unpaid federal taxes. Chamberlain request for injunctive relief to halt the government's efforts to collect unpaid federal taxes from him is expressly banned. Furthermore, the limited judicial exception does not apply since Chamberlain cannot demonstrate that there are no circumstances under which the government can prevail. In fact, as demonstrated in Section III, *infra*, the United States will most certainly prevail in any action to contest Chamberlain's tax liabilities on the frivolous grounds he asserts. Also, Chamberlain had an adequate remedy to challenge the tax liabilities he wishes to dispute: Chamberlain could have challenged his tax liability in the litigation preceding this case; however, Chamberlain chose not to substantively participate in that litigation. Therefore, this Court lacks jurisdiction to grant the injunctive relief requested by Chamberlain.

Chamberlain's request for a court order to use state militias or the military to impede the collection of federal taxes may be declaratory in nature rather than injunctive. [DE#1, pp. 13-14, 78-79] The Declaratory Judgment Act, 28 U.S.C. § 2201(a), prohibits such relief. While it authorizes federal courts to issue declaratory judgments, it does so "except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of

1986. . . ."[2]  Thus, under the Declaratory Judgment Act, suits for declaratory relief in federal tax cases, aside from limited exceptions not applicable here, are not permissible.  See, e.g., Ishler v. Internal Revenue, 237 Fed. Appx. 394, 396-97 (11th Cir. 2007); Hobson v. Fischbeck, 758 F.2d 759 (11th Cir. 1985).   Therefore, this Court lacks jurisdiction to grant the plaintiff his requested relief.

III.     **Chamberlain has failed to state a claim for which relief may be granted**.

For plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Chamberlain's claim that the United States committed a fraud against him in the prior litigation is not plausible on its face.  Plaintiff claims he was defrauded because he is immune from the internal revenue laws of the United States.  The statutes plaintiff cites for that proposition are—not surprisingly—wholly inapplicable to this case, and Chamberlain's contention that his income is not subject to tax is so frivolous that it barely dignifies a response.[3] See Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984) (finding that there is "no need to refute these [tax protester] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.")  We will, however, touch upon the main themes underlying Chamberlain's complaint.

---

[2] Section 7428 of the Internal Revenue Code addresses declaratory judgments relating only to the status and classification of organizations under 26 U.S.C. § 501(c)(3).

[3] A comprehensive discussion of the frivolity of Chamberlain's philosophy can be found at Wnuck v. Commissioner, 136 T.C. 498, 501-506 (U.S. Tax Court May 31, 2011).

- 7 -

Chamberlain argues that compliance with federal tax law is voluntary in nature and that by renouncing his past compliance he is no longer subject to the Internal Revenue Code. [DE#1, ¶ 25] This argument is frivolous and without merit. United States v. Hartman, 915 F. Supp. 1227, 1230 (M.D. Fla. 1997) (Court held that the requirements, under the internal revenue laws, to file a return and pay taxes due are not voluntary.) Chamberlain also argues that he is not a "person" as contemplated by sections 6001, 6011, 6012, 7203, and 7205 of the Internal Revenue Code (26 U.S.C.).  This argument is also frivolous and without merit. United States v. Stoecklin, 848 F. Supp. 1521, 1526 (M.D. Fla. 1994) (definition of a person includes individuals, pursuant to 1 U.S.C. §1, 26 U.S.C. §7701).

Chamberlain argues that his grounds for injury are based upon several statutes, each of which are inapplicable to this case.  According to Chamberlain, the United States has violated the Trading with the Enemy Act, 50 U.S.C. § et seq, in its efforts to collect taxes from him. [DE#1, p. 32] This argument is meritless because this statute does not provide a private right of action.  See Glen v. Club Mediterranee S.A., 365 F. Supp. 1263, 1271-72 (S.D. Fla. 2005) (holding that the TWEA provides the President with the authority to take action but not private citizens).  Chamberlain also argues that his grounds for injury are based upon hate crimes committed by government and cites 18 U.S.C. § 245 in support of this position. [DE#1, pp. 40, 79] This argument is also without merit because 18 U.S.C. § 245 is a criminal statute and does not provide a private right of action. Thames v. City of Pensacola, No. 3:03-cv-586, 2005 WL 1876175, *11 (N.D. Fla. August 1, 2005).

In sum, Chamberlain's complaint cannot survive this motion to dismiss because he has failed to allege facts sufficient to support a claim that is plausible on its face, accordingly, this Court should dismiss the complaint for failure to state a claim upon which relief may be granted.

## Conclusion

For the reasons stated above, plaintiff's complaint should be dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Dated: January 3, 2012                    Respectfully submitted,


                                                John A. DiCicco
                                                Principal Deputy Assistant Attorney General


                                                By: /s/ Steven C. Woodliff
                                                Steven C. Woodliff
                                                Florida Bar Number 85593
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 14198
                                                Ben Franklin Station
                                                Washington, D.C. 20044
                                                Telephone: (202) 514-5915
                                                Facsimile: (202) 514-4963
                                                Steven.c.woodliff@usdoj.gov


                                                Of Counsel:

                                                Robert E. O'Neill
                                                United States Attorney

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing MOTION TO DISMISS and MEMORANDUM OF LAW in support thereof was furnished by first-class mail on January 3, 2012 to the following:

    Steve L. Chamberlain
    P.O. Box 2502
    Ormond Beach, Florida 32175


          /s/ Steven C. Woodliff
          Trial Attorney, Tax Division
          U.S. Department of Justice